HERMAN HASKAMP'S EX'X v. S. J. WALKER, ET AL.

**Cities—Improvement of Sidewalks—Cost of Improvements.**
The city is liable for the cost of public improvements, where a tax on adjoining property has not been legally imposed.

**Improvement of Sidewalks.**
The city has power to make either the original construction or the repairs of sidewalks a charge on the adjacent property.

**Cost of Improvements.**
The entire cost of original construction is to be apportioned upon all the lots fronting such improvement, but the cost of repairs is to be assessed separately so that each lot will be chargeable with the cost of the repairs done on its own front, without reference to the cost of repairs in front of other lots.

27

APPEAL FROM KENTON CIRCUIT COURT.

March 8, 1875.

OPINION BY JUDGE COFER:

When this case was in this court on the appeal of the city, we held. that it did not appear from the petition that the owners of property were not liable, and as the contract between the appellant's testator and the city stipulated that if a tax was levied in accordance with the charter, on the property in front of which the work was done, he would receive such assessment, and collect the tax in full satisfaction for the work. We hold that in order to make the city liable, it should appear from the petition that the tax had not been legally imposed, and as this did not appear, the demurrer of the city should have been sustained.

It does not necessarily follow, however, because the petition did not show a cause of action against the city, that it was good as against the owners of lots. But we are of opinion that the petition presents a case upon which, nothing else appearing, the lot owners are liable. That the city council had power to make either the original construction or the repairs of sidewalks a charge on the adjacent property is clear, the only question made being whether that power has been effectually exercised.

Section 8 of the city charter defines the manner in which contracts and assessments shall be made for the original construction of sidewalks, and Sec. 9 prescribes the mode in which repairs shall be ordered, and the manner of assessing the cost against the adjacent property. The cost of the original construction of sidewalks is required to be apportioned among the owners of lots fronting thereon. unless such owners shall do the work within the time and in the manner prescribed. In respect to repairs the charter provided that whenever the sidewalks shall be out of repair, the council shall have power to order and direct the same to be repaired at the expense of the owner of lots opposite to the places where the repairs shall be made.

Under these provisions, it would seem that the entire cost of the original construction is to be apportioned upon all the lots fronting such improvement, but the cost of repairs is to be assessed separately, so that each lot will be chargeable with the cost of the repairs done on its own front, without reference to the cost of repairs in front of other lots.

The ordinance under which the appellant's testator did the work

which gave rise to this litigation seems, from some of its language, to have been intended to embrace both repairs and original construction; but in providing for paying the cost of the work, in the event it was not done by the owners of lots, it directed that it should be done at the cost of the owners of lots fronting on the work, to be apportioned among them according to the number of front feet owned by each.

As the council had no power thus to apportion the cost of repairs required to be done, but had such power as to new work, we must, in the absence of anything in the record showing that the work sued for was repairs, presume that it was done in making new sidewalks, and therefore that the ordinance was, to that extent, under Sec. 2, Act of February 24, 1865, valid, and that appellees are liable, under the ordinance, for that cost of the work done in front of their lots, if in fact the testator did the work in constructing new, and not in repairing old sidewalks.

We are, therefore, of the opinion that the petition stated facts constituting a cause of action against the owners of lots, and that the appellant has a lien on the lots to secure the payment of her debt, unless it shall turn out that the claim is for repairs.

The judgment dismissing the appellant's petition on demurrer, as to Walter and Martin, is *reversed,* and the same is remanded with directions to overrule their demurrer, and to allow either party to amend their pleadings within a reasonable time, and for further proceedings not inconsistent with this opinion.

*R. Simmons, Ira Julian, for appellant.*

*Fisk & Fisk, for appellees.*